Case 7:19-cv-00078   Document 30   Filed on 04/16/20 in TXSD   Page 1 of 9
United States District Court
Southern District of Texas
**ENTERED**
April 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PAISANO CAPITAL SA DE CV D/B/A PRODUCTOS PAISANO, § § § Plaintiff, § VS. § ALFREDO VELAZQUEZ, *et al*, § § Defendants. § | CIVIL ACTION NO. 7:19-CV-78 |

## OPINION & ORDER

The Court now considers the "Motion for Attorney Fees"[1] (hereafter, "motion") filed by Paisano Capital SA de CV d/b/a Productos Paisano ("Plaintiff") requesting the Court award Plaintiff attorneys' fees following the Court's granting default judgment against Luimon Produce, LLC ("Defendant"). After considering the motion, record, and relevant authorities, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

I. **BACKGROUND**

This case involves an alleged breach of a series of produce contracts. Plaintiff filed its complaint on March 14, 2019, bringing claims against Defendant for three violations of the Perishable Agricultural Commodities Act, 1930 ("PACA"), including (1) failure to make full payment promptly; (2) unfair trade practice; and (3) breach of good faith and fair dealing.[2]

---

[1] Dkt. No. 29.
[2] Dkt. No. 1 at 10–17 (Counts I–III). Plaintiff also brought claims against Defendant Alfredo Velazquez and Defendant Sebastian Velazquez, agents of Defendant. The Court dismissed the claims against Defendant Sebastian Velazquez after Plaintiff was unable to timely serve him. Dkt. No. 26 at 5. The Court also denied default judgment as to the claims against Defendant Alfredo Velazquez. The Court only granted default judgment as to the breach of contract claim against the instant Defendant, Luimon Produce LLC. Accordingly, the Court only considers the background of the case as it pertains to Defendant Luimon.

Plaintiff also brought claims against Defendant for conspiracy to defraud[3] and breach of contract.[4] After Defendant did not answer or appear within the time allotted, Plaintiff moved for entry of default.[5] The Court granted this request[6] and the Clerk of the Court entered default against Defendant on July 16, 2019.[7]

Thereafter, on October 1, 2019, Plaintiff filed its first motion for default judgment.[8] The first motion for default judgment contained a number of deficiencies, which the Court outlined in detail in its order denying the motion.[9] On October 29, 2019, Plaintiff filed its second motion for default judgment. On December 6, 2019, the Court granted default judgment as to the breach of contract claim against Defendant and denied default judgment as to all other claims.[10] The Court instructed Plaintiff to advise the Court by January 10, 2020 as to whether it intended to further pursue its PACA claims.[11]

In its order addressing Plaintiff's second motion for default judgment, the Court awarded Plaintiff damages and post-judgment interest, but declined to award Plaintiff attorneys' fees on the grounds that Plaintiff did not provide an explanation for the discrepancies in its requests for attorneys' fees and did not provide an hourly rate by which the Court could judge whether the costs and fees are reasonable.[12] The Court instructed Plaintiff to present sufficient evidence of attorneys' fees and costs by affidavit pursuant to Federal Rule of Civil Procedure ("Rule ") 54(d) following a final judgment by the Court.[13] Plaintiff was instructed to provide the following

---

[3] *Id.* at 24–25 (Count VIII).
[4] *Id.* at 17–18 (Count IV).
[5] Dkt. No. 12.
[6] Dkt. No. 13.
[7] Dkt. No. 15.
[8] Dkt. No. 20.
[9] Dkt. No. 21.
[10] Dkt. No. 26.
[11] *Id.* at 28.
[12] *Id.* at 27.
[13] *Id.* at 28 (citing FED. R. CIV. P. 54(d)).

information to the Court in its motion for attorneys' fees: "(1) the name of each attorney; (2) the number of hours they billed; (3) the hourly rate billed; (4) the work done; and (5) each attorney's number of years of experience."[14]

Plaintiff filed an advisory on January 10, 2020 informing the Court that it would no longer pursue its PACA claims.[15] The Court then issued a final judgment reflecting the damages and interest awarded in its December 6, 2019 order, and again instructed Plaintiff to present evidence of attorneys' fees and costs by affidavit pursuant to Rule 54.[16] Plaintiff filed the instant motion requesting attorneys' fees on January 24, 2020.[17] The Court now turns to its analysis.

## II.   ANALYSIS

Pursuant to Rule 54(d), a claim for attorneys' fees and related expenses must be made by motion. The motion must (1) be made no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; and (3) state the amount sought or provide a fair estimate of it.[18] In this case, the Court also instructed Plaintiff to include affidavits in its motion containing (1) the name of each attorney; (2) the number of hours they billed; (3) the hourly rate billed; (4) the work done; and (5) each attorney's number of years of experience.[19]

Plaintiff had fourteen days following the Court's issuance of a final judgment to file its motion for attorneys' fees.[20] Plaintiff filed the instant motion requesting attorneys' fees on

---

[14] *Id.* at 27.
[15] Dkt. No. 27.
[16] Dkt. No. 28.
[17] Dkt. No. 29.
[18] FED. R. CIV. P. 54(d). The rule also provides that the motion must "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." The Court has not ordered Plaintiff to do so.
[19] Dkt. No. 26 at 27.
[20] FED. R. CIV. P. 54(d) provides that a claim for attorney's fees and related nontaxable expenses must be made by motion within 14 days after the entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the movant to the award; and must state the amount sought or provide a fair estimate of it.

January 24, 2020, exactly fourteen days after the Court's issuance of a final judgment.[21] Thus, Plaintiff's motion is timely filed.

Plaintiff's motion requests attorneys' fees and costs in the amount of $29,607.50.[22] Plaintiff informs the Court that two firms worked on the case: Wallace Jordan Ratliff & Brandt LLC from January 2018 to November 2018; and Taylor Thuss, PLLC from November 2018 to the conclusion of the case in December 2019.[23] In support of its request, Plaintiff attaches the sworn declarations of Jason R. Klinowski of Wallace Jordan Ratliff & Brandt LLC and Jeffrey S. Taylor of Taylor Thuss, PLLC.[24] Plaintiff also attaches invoices reflecting the amounts attested to by Mr. Klinowski and Mr. Taylor in the declarations.[25] The Court will consider Plaintiff's requests as to Mr. Klinowski and Mr. Taylor individually to determine whether the requested fees are reasonable.

a. Mr. Klinowski

Mr. Klinowski alleges that his firm, Wallace Jordan Ratliff & Brandt LLC represented Plaintiff in this matter from January 2018 to November 2018.[26] In that time, Mr. Klinowski claims his firm billed 9.9 partner hours, 36.5 associate hours, and 2.0 paralegal hours.[27] Mr. Klinowski, a partner at the firm with fifteen years of experience, billed 9.9 hours at $375.00 per hour.[28] Mr. Klinowski claims the associate hours were billed at $300.00 per hour and the

---

[21] Dkt. No. 29.
[22] *Id.* at 2, ¶ 5.
[23] *Id.* at 5, ¶ 4. Mr. Klinowski informs the Court that he transferred the case to Mr. Taylor in November 2018. *Id.* at 6, ¶ 9. However, Mr. Taylor states that he did not begin billing on the matter until March 2019. *Id.* at 13, ¶ 4.
[24] *Id.* at 4–6 (Declaration of Jason R. Klinowski); *Id.* at 13–15 (Declaration of Jeffrey S. Taylor).
[25] *Id.* at 7–12; 16–36.
[26] *Id.* at 5, ¶ 5.
[27] *Id.*
[28] *Id.* ¶ 6.

paralegal hours were billed at $175.00 per hour.[29] Mr. Klinowski does not provide the years of experience for the associates or paralegals who worked on the matter.

The Court specifically instructed Plaintiff to provide the following information in its motion for attorneys' fees: (1) the name of each attorney; (2) the number of hours they billed; (3) the hourly rate billed; (4) the work done; and (5) each attorney's number of years of experience.[30] Mr. Klinowski only provides this information regarding his own work on the case. The invoices attached by Mr. Klinowski reflect the names of a paralegal, Jo Lene Voight, and two associates, Sheena M. Delaney and Katie Willoughby.[31] However, the invoices do not inform the Court of their level of experience.[32] While the Court recognizes Mr. Klinowski has not worked on this case since November 2018, Plaintiff's counsel have failed to comply with the Court's instructions on a number of occasions. The simple fact that Defendant has not answered or appeared in this case does not itself entitle Plaintiff to any form of relief and Plaintiff's compliance with the Court's orders is paramount to receiving its requested relief. Accordingly, the Court considers separately the request for attorneys' fees as it pertains to Mr. Klinowski's 9.9 billed hours, as this is the only portion of Plaintiff's request calculable by the Court.

Plaintiff requests $3,712.00 in attorneys' fees for 9.9 hours of work performed by Mr. Klinowski at $375.00 per hour. In those 9.9 hours, Mr. Klinowski claims he conducted legal research, prepared pleadings, reviewed drafts of the complaint, attended a conference with his client, and prepared "grower assignments" on Plaintiff's behalf.[33] Mr. Klinowski provides that he has been a licensed attorney for fifteen years.

---

[29] *Id.*
[30] Dkt. No. 26 at 27.
[31] Dkt. No. 29 at 10–12.
[32] *See* Dkt. No. 29 at 10.
[33] *See id.* at 8–10.

Based on the last average billing rates provided by the State Bar of Texas in 2015, $258.00 is a reasonable hourly rate for an attorney with fifteen years of experience.[34] Between 2013 and 2015, this rate increased by 2.7% per year.[35] Thus, the Court projects that an average hourly rate for an attorney with fifteen years of experience in 2018, the year during which Mr. Klinowski worked on the case, was $278.90.[36] In light of the difference between the rate charged by Mr. Klinowski and the Court's projected average rate, the Court finds an award of $280.00 per hour for Mr. Klinowski's 9.9 hours of work is reasonable. Accordingly, the Court awards Plaintiff **$2,772.00** in attorneys' fees for the work performed by Mr. Klinowski.

Since Plaintiff does not provide the requisite information for the two associates and paralegal who worked on this case, the Court provides attorneys' fees at the low end of the applicable range for these three individuals. Based on the last average billing rates provided by the State Bar of Texas in 2015, $200.00 is a reasonable hourly rate for an attorney with two years or less of experience.[37] Between 2013 and 2015, this rate increased by 4.05% per year.[38] Thus, the Court projects that an average hourly rate in 2018, the last year during which the associates and paralegal worked on the case, was $224.30.[39] Mr. Klinowski claims the associate hours were

---

[34] *See* State Bar of Texas 2015 Hourly Rate Fact Sheet, 12 (2016) https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (providing $258.00 as the median hourly fee for a lawyer with 11 to 15 years of experience in 2015 and basing years of experience on year first licensed in any jurisdiction). The Texas Bar's 2015 report is its most recent. Mr. Klinowski represents he has at least 15 years of experience.
[35] *Id.*
[36] This rate is based on an increase of 2.7% per year between 2015 and 2018. This is a total increase of 8.10%, or $20.90.
[37] *See* State Bar of Texas 2015 Hourly Rate Fact Sheet, 12 (2016) https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (providing $200.00 as the median hourly fee for a lawyer with two years or less of experience in 2015 and basing years of experience on year first licensed in any jurisdiction). The Texas Bar's 2015 report is its most recent.
[38] *Id.*
[39] This rate is based on an increase of 4.05% per year between 2015 and 2018. This is a total increase of 12.15%, or $24.30.

billed at $300.00 per hour and the paralegal hours were billed at $175.00 per hour.[40] In light of the difference between the rate charged for the associates' hours and the Court's projected average rate, the Court finds an award of $220.00 per hour for the 36.5 billed associate hours is reasonable. The Court also finds an award of $175.00 per hour for the two billed paralegal hours is reasonable. Accordingly, the Court awards Plaintiff **$8,380.00** in attorneys' fees for the work performed by the associates and paralegal.

  b. *Mr. Taylor*

Plaintiff requests the Court award attorneys' fees for 41.7 hours of work performed by Mr. Taylor at $350.00 per hour.[41] Plaintiff attaches invoices evidencing this and showing a total amount of $14,595.00 in attorneys' fees.[42] The invoices also evidence a total of $2,763.19 in filing fees and travel costs.[43] It appears Mr. Taylor was the only attorney working on this matter. Mr. Taylor maintains that he has been a licensed attorney for sixteen years.[44]

The Court first notes that it will not award Plaintiff attorneys' fees for the drafting or filing of Plaintiff's amended complaint or Plaintiff's second motion for default judgment. The amended complaint was improperly filed without the permission of the Court and was thereafter

---

[40] Dkt. No. 29 at 5, ¶ 6.
[41] *Id.* at 14, ¶ 5.
[42] The following invoices are attached: (1) April 2, 2019 invoice wherein Mr. Taylor bills 7.00 hours for $2,450.00 (this amount charged excludes 0.30 hours billed, which were not charged to Plaintiff) and charges Plaintiff $435.80 for the complaint filing fee and postage (Dkt. No. 29 at 17–18); (2) May 11, 2019 invoice wherein Mr. Taylor bills 0.60 hours for $210.00 (*Id.* at 20–21); (3) June 4, 2019 invoice wherein Mr. Taylor bills 3.00 hours for $1,050.00 (*Id.* at 23–24); (4) July 4, 2019 invoice wherein Mr. Taylor charges $312.50 for a lawsuit service fee (*Id.* at 26); (5) August 18, 2019 invoice wherein Mr. Taylor bills 10.80 hours for $3,780.00 (this amount charged excludes 5.00 hours of travel time to McAllen, which were not charged to Plaintiff) and charges Plaintiff $795.89 in travel expenses to attend the parties' July conference (*Id.* 28–29); (6) October 4, 2019 invoice wherein Mr. Taylor bills 6.9 hours for $2,415.00 (this amount charged excludes 2.3 hours billed, which were not charged to Plaintiff) (*Id.* at 31–32); (7) November 13, 2019 invoice wherein Mr. Taylor bills 13.4 hours for $4,690.00 (this amount charged excludes 6.10 hours billed, which were not charged to Plaintiff) and charges Plaintiff $1,219.00 for various costs, some of which are related to Mr. Taylor's *attempted* attendance of the parties' October status conference. Mr. Taylor claims his flight was cancelled due to inclement weather (*Id.* at 34–36). The total amount of hours billed and charged for in attorneys' fees was 41.70 and the total amount charged was $14,595.00. The total amount charged in costs was $2,763.19.
[43] *Id.*
[44] Dkt. No. 29 at 14, ¶ 7.

stricken, and the second motion for default judgment was filed in order to remedy the manifest failures contained in Plaintiff's first motion for default judgment.[45] The Court declines to award attorneys' fees for Mr. Taylor's drafting and filing of the second motion for default judgment, as Mr. Taylor filed this second motion in an attempt to correct the inexcusable mistakes contained in the first motion for default judgment. Accordingly, the Court will not award attorneys' fees for the 12.10 hours billed and charged to Plaintiff which were associated with Mr. Taylor's improper filing of an amended complaint and Mr. Taylor's drafting and filing of a second motion for default judgment.[46] Moreover, the Court notes that Plaintiff should not be responsible for the fees associated with Mr. Taylor's failure to properly draft the first motion for default judgment.

After subtracting the 12.10 hours, the Court considers the 29.60 hours properly billed. Based on the last average billing rates provided by the State Bar of Texas in 2015, $300.00 is a reasonable hourly rate for an attorney with sixteen years of experience.[47] Between 2013 and 2015, this rate increased by 7.45% per year.[48] Thus, the Court projects that an average hourly rate in 2019, the last year during which Mr. Taylor worked on the case, was $389.40.[49] As such,

---

[45] *See* Dkt. No. 26.
[46] Mr. Taylor billed Plaintiff for the following work: (1) 0.10 hours to receive and review the Court's order denying the first motion for default judgment; (2) 0.70 hours to draft correspondence to Plaintiff regarding Mr. Taylor's plan to re-file the motion for default judgment; (3) 0.10 hours to receive and review order regarding the deadline to file a new motion for default judgment; (4) 0.50 hours to explain the second default judgment deadline to Plaintiff and come up with a new timeline to re-file; (5) 0.70 hours corresponding with the translator and finalizing new declarations to attach to the second motion for default judgment; (6) 10.00 hours to finalize the new declarations, obtain the translated documents, improperly file the amended complaint that was thereafter stricken by the Court, and file the second motion for default judgment. This is a total of 12.10 hours billed and charged to Plaintiff in association with Plaintiff's amended complaint and second motion for default judgment.
[47] *See* State Bar of Texas 2015 Hourly Rate Fact Sheet, 12 (2016) https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (providing $300.00 as the median hourly fee for a lawyer with 16 to 20 years of experience in 2015 and basing years of experience on year first licensed in any jurisdiction). The Texas Bar's 2015 report is its most recent. Mr. Taylor represents he has sixteen years of experience.
[48] *Id.*
[49] This rate is based on an increase of 7.45% per year between 2015 and 2019. This is a total increase of 29.8%, or $89.40.

the Court finds Mr. Taylor's billed rate of $350.00 per hour is reasonable. Accordingly, the Court awards Mr. Taylor **$10,360.00** in attorneys' fees.

As to the $2,763.19 in costs and fees charged to Plaintiff, the Court finds this amount to be reasonable. Accordingly, the Court awards Mr. Taylor **$2,763.19** in costs and fees.

### III. HOLDING

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorneys' fees.[50] The Court **GRANTS** Plaintiff's motion as set out in this Order and awards Plaintiff **$24,275.19** in attorneys' fees and costs.[51] The Court **DENIES** Plaintiff's motion as to all other requests.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 16th day of April, 2020.

_____
Micaela Alvarez
United States District Judge

---

[50] Dkt. No. 29.
[51] Specifically, the Court awards Plaintiff $2,772.00 in requested attorneys' fees for the work completed by Mr. Klinowski and $8,380.00 in requested attorneys' fees for the work completed by the associates and paralegal with Wallace Jordan Ratliff & Brandt LLC. The Court further awards Plaintiff $10,360.00 in attorneys' fees for the work completed by Mr. Taylor, along with $2,763.19 in costs and fees charged by Mr. Taylor.